QUESTIONS: 1. Should the base figure used for application of the 20 percent limitation on salary increment reflect the compensation earned during the assessor's fiscal year or the compensation earned during the state's fiscal year? 2. How should compensation for the year 1974-1975 be computed in view of the provisions of s.192.091, F.S. 1971, since compensation provided for in that section could be issued in either unequal increments or in one lump sum resulting in a distorted base figure?
SUMMARY: The base period for application of the 20 percent limitation on salary increases for assessors contained in s. 145.18(2), F.S., is the state fiscal year, July 1 through June 30. The "commissions" paid to the assessor under s. 192.091, F.S. 1971, are income to the assessor's office and not personal compensation of the assessor; therefore, they would not be used in computing the base period "compensation" for application of the 20 percent increase in salary limitation of s. 145.18(2). The 20 percent limitation on salary increase is to be applied to the compensation received for the preceding fiscal year ending June 30, even though the assessor might have actually received his or her salary prior or subsequent to such preceding fiscal year. It is my opinion that the answer to question 1 is the state's fiscal year, from July 1 through June 30. Your second question is answered by the following discussion. The 1973 Session of the Florida Legislature enacted two laws dealing with the salaries of tax assessors, Chs. 73-172 and 73-173, Laws of Florida. Section 15 of Ch. 73-172 provided in part: (5) In no event shall an assessor receive any compensation in excess of that provided for in this act. In no event shall any assessor receive an increase in salary in excess of twenty percent (20%) of his total current compensation in any one fiscal year; provided, however, that the limitation on salary increase imposed herein shall be in lieu of the provisions of Florida Statute s. 145.121 and shall not apply to the special qualifications salary provided for in subsection (2) of this section. (Emphasis supplied.) A similar provision in s. 11 of Ch. 73-173, supra [now codified in s. 145.18(2), F.S.], provided: In no event shall any person receive for the execution of his powers, functions and official duties compensation in excess of the salaries provided in this act, and in no event shall any person receive an increase in salary in any one fiscal year in excess of twenty percent (20%) of his total compensation for the preceding fiscal year ending June 30th; provided, however, that the provisions of this section shall not apply to the special qualification salary under section 145.10(2) of this act. (Emphasis supplied.) In AGO 073-280, I expressed the opinion that "the compensation of tax assessors is governed by the provisions of Chapter 73-173, supra, and by the effective date clause, October 1, 1973, therein prescribed." Section 192.091, F.S. 1971, provided for certain "commissions" to be paid to assessors. However, those commissions were income to the office of the assessor, not personal compensation of the assessor. Section145.121, F.S. (1972 Supp.); accord, s. 145.17, F.S. 1973; compare s. 145.14, F.S. (1972 Supp.). Although s. 11 of Ch. 73-173, supra, refers to "his total compensation," the reference is to the personal compensation, or salary, of the assessor, and because the "commissions" of s. 192.091, F.S. 1971, are not personal compensation but income of the office, they would not be used in computing the base period "compensation" for application of the 20 percent increase in salary limitation of s. 145.18(2), F.S. However, should the assessor be drawing his salary from the commissions received by his office as such funds become available, which may be on an irregular basis, this would not distort the "base period" of s. 145.18(2), supra, because that section refers to the "total compensation for the preceding fiscal year ending June 30." Thus, it is not significant that the assessor might have actually received the compensation either prior or subsequent to the period for which it was earned.